UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Frank Branham,

           Plaintiff,        Case No. 15-cv-13403

v.                                Judith E. Levy
                                United States District Judge

Detroit Baptist Manor,

                                Mag. Judge Mona K. Majzoub

           Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

Plaintiff Frank Branham, who is sixty-seven years old, claims that defendant Detroit Baptist Manor declined to hire him for a maintenance position due to his age, in violation of the Age Discrimination in Employment Act ("ADEA") and the Elliot-Larson Civil Rights Act ("ELCRA"). Defendant filed a motion for summary judgment, arguing that plaintiff lacks evidence to establish that his age was the reason he was not hired. For the reasons set forth below, defendant's motion for summary judgment is denied.

I. **Background**

In February 2015, plaintiff submitted an application seeking employment as a maintenance worker for defendant, and participated in a screening interview with Pat Williams, a member of defendant's human resources staff. (*See* Dkt. 18-6 at 12-13.) The interview lasted approximately thirty-five to forty-five minutes. (*Id.*)

On April 1, 2015, plaintiff spoke with Paul Doelle, the director of operations and the person in charge of hiring maintenance employees. Plaintiff testified that Mr. Doelle said he "was not looking to hire anyone at [plaintiff's] age because he had enough staff that was 40 or 50-year-old guys. He needed younger men that can be able to climb ladders and get on the roof." (Dkt. 18-6 at 17.) Mr. Doelle admitted that he "probably" referred "to the age of [his] staff" and said he "already had staff members in their forties and fifties" when speaking to plaintiff. (Dkt. 18-8 at 2.)

The day after his conversation with Mr. Doelle, plaintiff sent Ms. Williams an email relaying that Mr. Doelle "rather quickly attacked [his] age and stated this was [the] reason for failing to consider [him] for employment." (Dkt. 18-3 at 2.) Plaintiff wrote that he wanted to

inform her of "Mr. Doellle's [sic] attitude and staunch position on considering me based on my age for the Building Maintenance position." (Dkt. 18-3 at 2.) No one was hired as a maintenance employee thereafter.

Plaintiff testified that Ms. Williams told him defendant "had full-time openings." (Dkt. 18-6 at 13.) Ms. Williams testified that she "[n]ever verbally t[old plaintiff] that there was no job opening at the time." (Dkt. 18-7 at 15.) And when plaintiff sent Ms. Williams an email confirming his interest in "the General Maintenance job opening with [defendant]," she testified that she did not verbally or in writing clarify that there was no such opening. (*Id.* at 9.)

## II. Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts

3

in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

### III. Analysis

Defendant correctly sets forth the two distinct ways an ADEA or ELCRA discrimination claim can be proven—via direct or circumstantial evidence. "Direct evidence is evidence, which, 'if believed, requires the conclusion that the age was the but for cause of the employment decision.'" *Kandler v. Dunn Paper, Inc.*, No. 14-12276, 2015 U.S. Dist. WEST 632061, at *4 (E.D. Mich. Feb. 13, 2015) (quoting *Scheick v. Tecumseh Pub. Sch.*, 766 F.3d 523, 530 (6th Cir. 2014)). When there is no direct evidence, a plaintiff may use circumstantial evidence, and must make a four factor showing under the *McDonnell Douglas Corp. v. Green* burden-shifting regime. *See* 411 U.S. 792, 93 (1973).

Although defendant argues that this is a circumstantial evidence case (Dkt. 16 at 20-21), it is actually a direct evidence case. Plaintiff testified in his deposition that Mr. Doelle called plaintiff and told him that defendant "was not looking to hire anyone at [plaintiff's] age

4

because he had enough staff that was 40 or 50-year-old guys. He needed younger men that can be able to climb ladders and get on the roof." (Dkt. 18-6 at 43.) Mr. Doelle admitted to saying as much. (Dkt. 18-8 at 2.) "Discriminatory remarks by decision makers . . . can constitute direct evidence of discrimination," as is the case here. *Sharp v. Aker Plant Servs. Grp., Inc.,* 726 F.3d 789, 798 (6th Cir. 2013).

Defendant argues that there was no open position for a maintenance worker at the time, so plaintiff cannot establish that his age was the but-for cause of the decision not to hire him. (Dkt. 16 at 21-23.) According to defendant, the fact that no one was later hired is dispositive. (*Id.*) Plaintiff argues that there is evidence that there was such an opening, even if no one was later hired. (Dkt. 18 at 15-16.)

A jury could infer from Mr. Doelle's statements—specifically, that he "was not looking to hire anyone at [plaintiff's] age" and "*needed younger men* that can be able to climb ladders and get on the roof" (Dkt. 18-6 at 17 (emphasis added))—that defendant had an opening and declined to hire plaintiff because of his age. And plaintiff stated in his deposition that Ms. Williams told him that defendant "didn't have any openings for part time," but that "they had full-time openings" and

5

asked whether he "would . . . be interested in full time" employment. (*Id.* at 32.)

In Ms. Williams' affidavit, she responds to the question "[d]id you ever verbally tell him that there was no job opening at the time?" with "no." (Dkt. 18-7 at 39.) And on February 22, 2015, plaintiff sent Ms. Williams an email thanking her for her time for both the screening interview and for "tak[ing] my call on Friday regarding the General Maintenance job opening with The Baptist Manor." (Dkt. 18-2 at 1). In Ms. Williams' affidavit, she responded "no" when asked if she "[felt] the need to respond to [plaintiff] to clarify or correct anything he had said" in his email. (Dkt. 18-7 at 28.)

Although no one was hired as a maintenance worker after defendant declined to offer plaintiff a maintenance job, there is evidence in this case that defendant became aware of a possible claim shortly after Mr. Doelle made the age-related comments to plaintiff. (Dkt. 18 at 16.) The day after plaintiff spoke with Mr. Doelle, he sent Ms. Williams an email relaying that Mr. Doelle "rather quickly attacked [his] age and stated this was [the] reason for failing to consider [him] for employment." (Dkt. 18-3 at 2.) Plaintiff states that he wanted to

6

inform Ms. Williams of "Mr. Doellle's [*sic*] attitude and staunch position on considering me based on my age for the Building Maintenance position." (*Id.*)

It is for the jury to decide whether there was a job opening and defendant chose not to fill it to better defend against a possible claim. Viewing the evidence "as a whole and in the light most favorable to plaintiff," there "is sufficient [evidence] to permit a rational trier of fact" to find that there was a job opening, and that defendant decided not to hire plaintiff because of his age. *Scheick*, 766 F.3d at 532. Defendant is not entitled to summary judgment.

## IV. Conclusion

For the reasons set forth above, defendant's motion for summary judgment (Dkt. 16) is DENIED.

IT IS SO ORDERED.

Dated: September 13, 2016           s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's

ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 13, 2016.

s/Felicia M. Moses<br>
FELICIA M. MOSES<br>
Case Manager